McCALEB, Justice
 

 (concurring)'.
 

 While I agree with the result -reached in this case that the pleas to the jurisdiction of the District Court for the Parish of East Baton Rouge are well founded under the provisions of Act No. 5'5 of
 
 1930, I
 
 cannot acquiesce in the view that these are suits on policies of accident insurance and that, as such, they would ordinarily be governed by the provisions of Paragraph 10 of Article 165 of the Code of Practice, as amended (which refers exclusively to actions on insurance contracts).
 

 It is my opinion that the actions sound in tort under Article 2315 of the Civil Code. The only reason why the suits may be brought directly against the defendant insurance company is because of the special provisions of Act No. 55 of 1930. The right accorded by that statute to sue the insurance company directly does not change, and should not be held to convert, the plaintiffs’ cause of action from one in tort to a case in contract under an accident insurance policy. Plaintiffs’ cause of action remains the same. The statute merely grants to plaintiffs an additional privilege to proceed not only against the wrongdoer but also against the company indemnifying him against loss within the terms and
 
 *265
 
 conditions of the insurance policy. In creating this additional right, the Legislature restricted the plaintiffs’ choice of the forums where the right could be asserted at their option to the parish in which the alleged tort-feasor or assured resided or the parish in which the accident occurred. Clearly, the Parish of East Baton Rouge where the insurance company has its domicile has no jurisdiction of the cause.
 

 For these reasons, I respectfully concur in the decree.